[Cite as *State v. Shipley*, 2013-Ohio-2225.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| JEFFREY J. SHIPLEY | : | Case No. 2012CA00100 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Alliance Municipal
                                  Court, Case No. 2012 CRB 00188


JUDGMENT:                         Reversed and Remanded


DATE OF JUDGMENT:                 May 28, 2013


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

ANDREW L. ZUMBAR                        DONALD J. MALARCIK
470 East Market Street                  54 East Mill Street
Alliance, OH  44601                     Suite 400
                                        Akron, OH  44308

                                        FRANK A. BARTELA
                                        54 East Mill Street
                                        Suite 301
                                        Akron, OH  44308

*Hoffman, J.*

{¶1}   Plaintiff-appellant the State of Ohio appeals the May 17, 2012 Judgment Entry entered by the Alliance Municipal Court granting Defendant-appellee Jeffrey Shipley's motion to suppress evidence.

{¶2}   On February 9, 2012, Alliance Police Detective Bob Rajean obtained a search warrant from Judge Dixilene Park, judge of the Court of Common Pleas of Stark County, Probate Division.   The warrant was executed on a commercial business operated by appellee, Jeffrey Shipley.   As a result, appellee was charged with one count of gambling in violation of R.C. 2915.02 and one count of operating a gambling house in violation of R.C. 2915.03.

{¶3}   On March 26, 2012, appellee filed a motion to suppress, claiming R.C. 2913.01 precluded the probate judge from issuing the search warrant.   A hearing was held before a magistrate on April 4, 2012.   By report and recommendation filed April 30, 2012, the magistrate agreed with appellee and recommended granting the motion. Appellant, the state of Ohio, filed objections.   By judgment entry filed May 17, 2012, the trial court overruled the objections and approved the magistrate's report.

{¶4}   It is from that entry, Appellant prosecutes this appeal, assigning as error:

I

{¶5}   "THE TRIAL COURT ERRED WHEN IT ADOPTED THE MAGISTRATE'S RULING CONCLUDING THAT THERE WAS NO AUTHORITY ON THE PART OF JUDGE OF THE COMMON PLEAS COURT, PROBATE DIVISION TO ACT UPON A REQUEST FOR A SEARCH WARRANT."

II

{¶6}   "THE TRIAL COURT ERRED WHEN IT ADOPTED THE MAGISTRATE'S RULING WHICH SUPPRESSED ALL ITEMS SECURED BY ALLIANCE POLICE DEPARTMENT IN A COMMERCIAL STRUCTURE INCLUDING THOSE ITEMS WHICH WERE LOCATED IN PLAIN VIEW IN AN AREA OPEN TO THE GENERAL PUBLIC."

III

{¶7}   "THE TRIAL COURT ERRED WHEN IT GRANTED THE REMEDY OF SUPPRESSION OF EVIDENCE FOR A CLAIMED VIOLATION OF A STATUTORY PROVISION WHEN OFFICERS WERE ACTING IN GOOD FAITH ON A WARRANT BELIEVED TO BE VALID."

I

{¶8}   The primary issue before this Court is whether a judge of the Court of Common Pleas, Probate Division, has the authority to issue a search warrant.  For the reasons that follow, we think not.

{¶9}   R.C. 2933.21 (**Search warrant**) states, in part:

"A judge of a court of record may, within his jurisdiction, issue warrants to search a house or place…"

In conjunction thereto, Crim.R.41(A) (**Authority to issue warrant**) provides:

"A search warrant authorized by this rule may be issued by a judge of a court of record to search and seize property located within the court's territorial jurisdiction…"

{¶10} However, R.C. 2931.01 states, "As used in Chapters 2931. to 2953. of the Revised Code… (B) 'Judge' does not include the probate judge.  (C) 'Court' does not include the probate court."

{¶11} Appellant argues the probate judge and probate court were abolished by amendments to the Ohio Constitution in 1968 and 1973, and R.C. 2931.01 is "…a hold-over from the antiquated General Code, and refers to a prior time period when there actually existed a separate Probate Judge and separate Probate Court in Ohio." Appellant expounds the most plausible explanation for their exclusion from authority to issue search warrants is they were originally not courts of record.  Appellant argues they became such by amendments to the Ohio Constitution in 1968 and 1973.

{¶12} We believe there still exists a "probate judge" and a "probate court," although they are now recognized as a separate division of the Court of Common Pleas. We recognize the probate court is now considered a "court of record."  But does this changed status render the exclusion found in R.C. 2931.01(B) and (C) of no consequence?

{¶13} The Ohio Supreme Court in *State v. Cotton* (1978) 56 Ohio St.2d 8, 12-13, found R.C. 2931.01 was ineffective to disqualify judges of the Probate Division of the Court of Common Pleas from serving on criminal cases, based upon the 1968 and 1973 constitutional amendments establishing the Probate Division of a Court of Common Pleas.[1]  Because Section 5(A)(3) of Article IV of the Ohio Constitution authorizes the chief justice or acting chief justice to assign any judge of  a court of common pleas or a division thereof to temporarily sit or hold court on any other court of common pleas or

---

[1] See *State v. Bays* (1999), 87 Ohio St.3d 15; and *State, ex rel. Key v. Spicer* (2001), 91 Ohio St.3d 469, for a similar result.

division thereof, the Ohio Supreme Court concluded a probate court judge could serve in criminal cases despite R.C. 2931.01.

{¶14} We find *Cotton* is not dispositive of the issue herein for the simple reason Judge Park was not assigned by the chief justice or acting chief justice pursuant to Section (5)(A)(3) to preside over a criminal case. In the absence of such a specific constitutional delegation of authority, we find no reason the legislature's directive in 2931.01(B) and (C) should be declared ineffective as it relates to excluding a probate court judge from having the authority to issue a search warrant.

{¶15} Appellant relies upon *State v. Johnson* (Ohio App.4[th] Dist.) 1986 WL 8799, in support of its argument. The *Johnson* court concluded R.C. 2931.01(B) and (C) are mere relics from [the] past and the phrase "judge of a court of record" in R.C. 2933.21 and Crim.R.41 is sufficiently specific to supersede the general definition of "judge" and "court" in R.C. 2931.01, under the rules of construction codified at R.C. 1.12 and 1.51.[2]

{¶16} R.C. 1.51 provides:

> If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

---

[2] We find R.C. 1.12 of little or no consequence in determining the issue before us. R.C. 1.12 makes specific reference to special provisions as to service, pleadings, and competency of witnesses. We find such to be essentially procedural in nature. On the other hand, we find R.C. 2931.01 specifically defines a court's authority/jurisdiction to issue a search warrant, essentially a substantive provision.

{¶17} Appellee argues the *Johnson* court misapplied the above rules.  We agree.

{¶18}  R.C. 2931.01 (B) and (C) became effective January 1, 1976, nearly eight years after the 1968 and 1973 Modern Courts Amendments.  Crim. R.41 was adopted January 1, 1973.  R.C. 2933.21 became effective June 13, 1975.  It is important to note the effective date of R.C. 2931.01 is the latest enactment.  We cannot ignore, nor do we presume, the legislature's specific exclusion of a "probate judge" and the "probate court" found therein was an act of oversight or inadvertence.  To the contrary, we find it an expression of the legislature's manifest intent.

{¶19}  Applying R.C. 1.51, we opine the definition of "courts of record" in R.C. 2933.21 and Crim.R. 41 are general provisions in comparison to the specific exclusion of a probate judge and the probate court found in R.C. 2931.01(B) and (C).  To the extent they cannot be reconciled to give effect to both, R.C. 1.51 states the special provision [R.C. 2931.01(B) and (C)] prevails as an exception to the general provision [R.C. 2933.21 and Crim.R.41] unless the general provision is the later adoption and the manifest intent is that the general provision prevail.  But as previously stated, R.C. 2933.21 and Crim.R.41 were both enacted before the adoption of R.C. 2931.01(B) and (C).  Assuming, arguendo, R.C. 2931.01(B) and (C) is a general provision and R.C. 2933.21 and Crim.R.41 are specific provisions, R.C. 2931.01(B) and (C) would be the "later adoption" and by it the legislature manifested its intent it prevail over the former because R.C. 2931.01(B) and (C) specifically excludes a probate judge or the probate court as used in Chapters 2931. to 2953. of the Revised Code.

{¶20}  Appellant's first assignment of error is overruled.

III

{¶21} In *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, the United States Supreme Court established a good faith exception regarding insufficient or defective search warrants. The *Leon* court held:

{¶22} "This is particularly true, we believe, when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope. (Footnote omitted.) In most such cases, there is no police illegality and thus nothing to deter. It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient. '[O]nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law.' Id., 428 U.S., at 498, 96 S.Ct., at 3054 (BURGER, C.J., concurring). Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations. (Footnote omitted.)

{¶23} "We conclude that the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion. We do not suggest, however, that exclusion is always inappropriate in cases where an officer has obtained a warrant and abided by its terms. '[S]earches pursuant to a warrant will rarely require any deep inquiry into reasonableness,' *Illinois v. Gates*, 462 U.S., at 267, 103 S.Ct., at 2347 (WHITE, J., concurring in judgment), for 'a warrant issued by a magistrate

normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.' *United States v. Ross*, 456 U.S. 798, 823, n. 32, 102 S.Ct. 2157, 2172, n. 32, 72 L.Ed.2d 572 (1982). Nevertheless, the officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable, cf. *Harlow v. Fitzgerald*, 457 U.S. 800, 815–819, 102 S.Ct. 2727, 2737–2739, 73 L.Ed.2d 396 (1982), (Footnote omitted) and it is clear that in some circumstances the officer (Footnote omitted) will have no reasonable grounds for believing that the warrant was properly issued."

{¶24} Under the good faith exception espoused in *Leon*, the exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unlawful. *State v. Oprandi,* 5th Dist. No. 07-CA-5, 2008-Ohio-168.

{¶25} We agree with the State's position the officers herein acted in good faith when executing the search warrant according to *Leon.* Alliance City Prosecutor Andrew Zumbar testified at the suppression hearing herein,

{¶26} "The Court: Okay. But you have a town whether it's the Alliance Municipal Court judge duly elected, you also have a general division judge who resides nearby, is there a reason not only in your case, but in any cases you've cited why the probate judge heard the search warrant?

{¶27} "Mr. Zumbar: In this particular case before the Court?

{¶28} "The Court: Or in the ones you cite or both?

{¶29} "Mr. Zumbar: I don't believe it's clear in the cases. That question that you've asked is not answered in the cases that you've - - that I've presented to the Court, you know, why did the probate judge hear this. In terms of this case, the Stark County Common Pleas, Court, Probate Division judges have been haring probable cause for search warrants dating back at least to R.R. Denny Clunk. I can tell this Court as an officer before this Court, I have personally secured warrants from Judge Clunk himself when he was a probate division judge of the common pleas court and then subsequently when he began as acting judge of the Alliance Municipal Court as well. But that was the very first time that I secured a warrant from the probate judge was when Judge Clunk was on the bench. It goes back that far.

{¶30} "The Court: Okay. So, it's judge shopping.

{¶31} "Mr. Zumbar: No, ma'am.

{¶32} "The Court: Okay.

{¶33} "Mr. Zumbar: No, Ma'am. If- -if the judge is available that's who they- -they go to whatever judge they can get their hands on at that time.

{¶34} "The Court: Whatever judge is available. So, in choosing you contact the other judges and they either don't answer- -unavailable, is that…

{¶35} "Mr. Zumbar: I can't state specifically, I was not the prosecutor who submitted the probable cause in this case. I do know that other judges of the common pleas division have been solicited from time to time. I'm directly aware of the fact that- - Judge Sinclair has issued warrants. I'm directly aware that Judge Brown has issued warrants. I'm directly aware of the fact that not only has Judge Lavery issued conservatively speaking, five hundred (500) search warrants."

{¶36}  Tr. at p. 28-29.

{¶37}  In addition, the State's appellate brief offered a litany of appellate cases demonstrating the common practice of probate division judges issuing search warrants throughout the State of Ohio.  See, *State v. Bradley*, 2nd Dist. No. CIV A 93-CA-101, November 23, 1993; *State v. Dewald,* 3rd Dist. No. 13-82-35, May 27, 1983; *State v. Ridgeway,* 4th Dist. No. 00CA19, 2001-Ohio-2655; *State v. Cassidy*, 11th Dist. No. 90L049, November 15, 1991; *State v. Tatonetti*, 11th Dist. No. 1021, January 7, 1983; *State v. Abrams,* 12th Dist. No. 315, May 4, 1983.

{¶38}  As noted supra in *Johnson*, there was existing appellate authority, albeit from another appellate district and which we have herein found to be unpersuasive, to support a probate judge's authority to issue a search warrant.

{¶39}  Accordingly, at the time the officers executed the search warrant herein, the past practice of the court and the police, as well as the law of other jurisdictions, lead the officers to believe in good faith the search warrant was valid.

{¶40}  However, this Court having now found the probate court judge does not have authority to issue search warrants, the State is now on notice in any future actions and executions of search warrants, those search warrants issued by a probate division may no longer be relied upon in good faith per *Leon*, supra.

{¶41}  The State's third assigned error is sustained.

II

{¶42}  In light of our analysis and disposition of the State's third assignment of error, we find the second assignment of error moot.

{¶43} The judgment of the Alliance Municipal Court is reversed, and the matter remanded to that court for further proceedings in accordance with the law and this opinion.

By Hoffman, J.

Gwin, P.J. concurs

Farmer, J. dissents

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER

*Farmer, J., dissents*

{¶44} I respectfully dissent from the majority's opinion in Assignment of Error I. While the majority recognizes that the probate court is now considered a "court of record," it concluded a probate judge does not have the authority to issue search warrants under R.C. 2931.01(B) and (C).

{¶45} Based upon the decisions in *Cotton, Bays, and Johnston* as cited in the majority opinion, I would find R.C. 2931.01 does not prohibit a probate judge from issuing search warrants.

{¶46} In ¶ 14, the majority dismisses the *Cotton* decision on the fact that "Judge Park was not assigned by the chief justice or acting chief justice pursuant to Section (5)(A)(3) to preside over a criminal case." I would find an assignment by the chief justice not to be necessary because Judge Park is a member of the Court of Common Pleas. In fact, Judge Park has the statutory authority to appoint other common pleas judges to act as probate judge. R.C. 2101.37.

{¶47} I specifically disagree with the majority's opinion that an archaic statute governs sub judice, when in fact the passage of the 1968 Modern Courts Amendment has placed all of the judges on the Court of Common Pleas on equal footing.

{¶48} I concur with the majority's opinion on Assignment of Error II. I would reverse the case on both assignments of error.

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

[Cite as *State v. Shipley*, 2013-Ohio-2225.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JEFFREY J. SHIPLEY | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2012CA00100 |

For the reasons stated in our accompanying Opinion, the judgment of the Alliance Municipal Court is reversed, and the matter remanded to that court for further proceedings in accordance with the law and our Opinion. Costs to Appellee.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER