[Cite as *State v. Kithcart*, 2013-Ohio-3022.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| TYLER W. KITHCART | : | Case No. 12-COA-048 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from the Municipal Court,
                                                             Case No 12-CRB-825AB

JUDGMENT:                                        Affirmed

DATE OF JUDGMENT:                         July 10, 2013

APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

W. DAVID MONTAGUE                        LORI ANN RUSSELL
1213 East Main Street                          5735 County Road 98
Ashland, OH  44805                             Williamsport-Chesterville Road
                                                             Mt. Gilead, OH  43338

*Farmer, J.*

{¶1} On July 16, 2012, Ashland Police Detective Brian Evans secured and executed a search warrant at the home of appellant, Tyler Kithcart. The search warrant had been signed by a magistrate. As a result of the search, appellant was charged with one count of possession of drug paraphernalia in violation of R.C. 2925.14 and one count of possession of marijuana in violation of Ashland Codified Ordinance 513.03(C)(2).

{¶2} On September 4, 2012, appellant filed a motion to suppress, challenging the search warrant. A hearing was held on September 18, 2012. No testimony was taken, but arguments were made. By opinion and judgment order filed November 9, 2012, the trial court denied the motion.

{¶3} On November 27, 2012, appellant pled no contest to the charges. By judgment order filed January 2, 2013, the trial court found appellant guilty and sentenced him to thirty days in jail, ten days suspended.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF A SEARCH, PURSUANT TO A WARRANT, OF THE APPELLANT TYLER KITHCART'S RESIDENCE BECAUSE THE AFFIDAVIT IN SUPPORT OF THE WARRANT DID NOT ESTABLISH THE CONSTITUTIONALLY REQUIRED PROBABLE CAUSE ALL IN VIOLATION OF THE

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 14 ARTICLE I OF THE OHIO CONSTITUTION."

II

{¶6} "THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF A SEARCH, PURSUANT TO A WARRANT, OF THE APPELLANT TYLER KITHCART'S RESIDENCE BECAUSE THE WARRANT WAS SIGNED BY A MAGISTRATE AND NOT A JUDGE, AND THEREFORE VOID IN ACCORDANCE WITH *STATE V. COMMINS* IN VIOLATION OF THE APPELLANT'S RIGHTS AS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 14 ARTICLE I OF THE OHIO CONSTITUTION."

I

{¶7} Appellant claims the trial court erred in denying his motion to suppress as the affidavit for the search warrant was deficient and fell far short of probable cause. We disagree.

{¶8} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist. 1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist. 1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State*

*v. Williams,* 86 Ohio App.3d 37 (4th Dist. 1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist. 1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist. 1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶9} We note no evidence was taken during the hearing on the motion to suppress, as the matter was solely argued from the four corners of the affidavit attached to the search warrant. As the trial court properly noted in its opinion and judgment order filed November 9, 2012, the affidavit does not contain any specific information as to the credibility or reliability of the two informants included in the affidavit which partially formed Detective Evans's probable cause assertion. However, the trial court was also correct in finding that strict adherence to *Spinelli v. U.S.,* 393 U.S. 430 (1969), has been modified and retooled by the United States Supreme Court in *Illinois v. Gates,* 462 U.S. 213 (1983), and the Supreme Court of Ohio in *State v. George,* 45 Ohio St. 3d 325 (1989). The *George* court held the following at paragraph one of the syllabus and 329, respectively:

[syllabus] 1. In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v. Gates* [1983], 462 U.S. 213, 238–239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 followed.)

[329] The *Gates* decision provides considerable elaboration as to the "fair probability" standard applicable to the magistrate's probable cause determination. We find the following passage particularly instructive:

"*** '[T]he term "probable cause," according to its usual acceptation, means less than evidence which would justify condemnation***. It imports a seizure made under circumstances which warrant suspicion' [quoting from *Locke v. United States* (1813), 7 Cranch 339, 348]. More recently, we said that 'the *quanta*** of proof' appropriate in ordinary judicial proceedings are inapplicable to the decision to issue a warrant. *Brinegar,* 338 U.S., at 173. Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the magistrate's decision.***[I]t is clear that '*only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.*' *Spinelli,* 393 U.S., at 419. See Model Code

of Pre-Arraignment Procedure § 210.1(7) (Prop. Off. Draft 1972); 1 W. LaFave, Search and Seizure § 3.2(e) (1978)." (Emphasis added.) *Illinois v. Gates, supra,* at 235.

{¶10} In *Brinegar v. United States,* 338 U.S. 160, 175 (1949), the United States Supreme Court explained "probable cause" as: "[i]n dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Using the totality of the circumstances, we find there was probable cause to issue the search warrant.

{¶11} Pursuant to the affidavit, one informant stated appellant asked him to buy pseudoephedrine. Detective Evans stated through his personal investigation, he discovered that the informant had indeed purchased pseudoephedrine on two occasions from area stores and appellant had purchased 96 count boxes of pseudoephedrine from local drug stores. The dosage purchased was consistent with the size used to manufacture methamphetamine. All the purchases occurred over a four day period. Both informants stated appellant admitted to cooking methamphetamine. The second informant admitted to purchasing methamphetamine from appellant.

{¶12} Despite no statement as to the credibility and reliability of the two informants, we find Detective Evans's independent knowledge sufficiently corroborated the information contained in the affidavit.

{¶13} Assignment of Error I is denied.

II

{¶14} Appellant claims the issuance of the search warrant by a magistrate was unlawful and therefore the warrant was void as there is no statutory authority for a magistrate to issue a warrant. While we agree that only a "judge" in Ohio can issue a search warrant, we nonetheless find the good faith exception to the exclusionary rule applies sub judice.

{¶15} We have recently addressed the issue of "who" can issue a search warrant in *State v. Brown,* 5th Dist. No. 2012CA00099, 2013-Ohio-2224. Although this writer dissented and found a Probate Judge had the authority to issue search warrants, the majority opinion clearly found only a "judge" can issue a warrant at ¶ 18-19:

R.C. 2931.01 (B) and (C) became effective January 1, 1976, nearly eight years after the 1968 and 1973 Modern Courts Amendments. Crim. R.41 was adopted January 1, 1973. R.C. 2933.21 became effective June 13, 1975. It is important to note the effective date of R.C. 2931.01 is the latest enactment. We cannot ignore, nor do we presume, the legislature's specific exclusion of a "probate judge" and the "probate court" found therein was an act of oversight or inadvertence. To the contrary, we find it an expression of the legislature's manifest intent.

Applying R.C. 1.51, we opine the definition of "courts of record" in R.C. 2933.21 and Crim.R. 41 are general provisions in comparison to the specific exclusion of a probate judge and the probate court found in R.C. 2931.01(B) and (C). To the extent they cannot be reconciled to give effect

to both, R.C. 1.51 states the special provision [R.C. 2931.01(B) and (C)] prevails as an exception to the general provision [R.C. 2933.21 and Crim.R.41] unless the general provision is the later adoption and the manifest intent is that the general provision prevail. But as previously stated, R.C. 2933.21 and Crim.R.41 were both enacted before the adoption of R.C. 2931.01(B) and (C). Assuming, arguendo, R.C. 2931.01(B) and (C) is a general provision and R.C. 2933.21 and Crim.R.41 are specific provisions, R.C. 2931.01(B) and (C) would be the "later adoption" and by it the legislature manifested its intent it prevail over the former because R.C. 2931.01(B) and (C) specifically excludes a probate judge or the probate court as used in Chapters 2931. to 2953. of the Revised Code.

{¶16} R.C. 2933.23, contra to Crim.R. 41 and R.C. 2933.21, includes the term "magistrate" in requiring an affidavit to secure a search warrant:

A search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that particularly describes the place to be searched, names or describes the person to be searched, and names or describes the property to be searched for and seized; that states substantially the offense in relation to the property and that the affiant believes and has good cause to believe that the property is concealed at the place or on the person; and that states the facts upon which the

affiant's belief is based. The judge or magistrate may demand other and further evidence before issuing the warrant. If the judge or magistrate is satisfied that grounds for the issuance of the warrant exist or that there is probable cause to believe that they exist, he shall issue the warrant, identifying in it the property and naming or describing the person or place to be searched.

{¶17} As our brethren from the Twelfth District in *State v. Commins,* 12 Dist. Nos. CA2009-06-004 and CA2009-06-005, 2009-Ohio-6415 ¶ 21-22, pointed out:

For purposes of R.C. Chapter 2933, R.C. 2931.01(A) defines "magistrate" as "county court judges, police justices, mayors of municipal corporation[s], and judges of other courts inferior to the court of common pleas." See R.C. 2933.01. In turn, Crim.R. 2 defines "judge" as "judge of the court of common pleas, juvenile court, municipal court, or county court, or the mayor or mayor's court magistrate of a municipal corporation having a mayor's court;" and "magistrate" as "any person appointed by a court pursuant to Crim.R. 19. *'Magistrate' does not include an official included within the definition of magistrate contained in [R.C.] 2931.01."* Crim.R. 2(E), (F). (Emphasis added.)

In light of the definition of a magistrate under R.C. 2933.01 and Crim.R. 2(F), it is clear that when used in R.C. 2933.21 through 2933.25, the term "magistrate" exclusively and specifically refers to elected officials

who act in a judicial capacity, such as the trial judge here, and not to an appointed official, such as Magistrate Rowlands. It follows that to be valid, a search warrant must be signed by a judge, and can only be signed by a judge, prior to the search.

{¶18} We concur with this analysis. We find R.C. 2933.23 only authorizes the *presentation* of an affidavit to a magistrate, not the *signing* of a warrant by a magistrate. Crim.R. 41 and R.C. 2933.21 are sufficiently clear that only a "judge" may issue a warrant. The authority to issue search warrants is limited solely to judges.

{¶19} In its opinion and judgment order filed November 9, 2012, the trial court discussed the *Commins* case and found the good faith exception to the exclusionary rule applied. As noted by the *Commins* court at ¶ 26, the good faith exception to the exclusionary rule was first recognized by the United States Supreme Court in *United States v. Leon,* 468 U.S. 897 (1984). The Supreme Court of Ohio adopted the good faith exception two years later in *State v. Wilmoth,* 22 Ohio St.3d 251 (1986), syllabus:

1. The exclusionary rule should not be applied to suppress evidence obtained by police officers acting in objectively reasonable, good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid. (*United States v. Leon* [1984], 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, followed.)

2. Where the officer's conduct in the course of a search and seizure is objectively reasonable and executed in good faith, excluding the

evidence because the search warrant is found to be constitutionally invalid will not further the ends of the exclusionary rule in any appreciable way.

{¶20} As noted by the *Commins* court at ¶ 25:

"The fact that a Fourth Amendment violation occurred-i.e., that a search or arrest was unreasonable-does not necessarily mean that the exclusionary rule applies." *Herrings v. United States* (2009), 555 U.S. 135, 129 S.Ct. 695, 700, 172 L.Ed.2d 496. The United States Supreme Court has "repeatedly rejected the argument that exclusion is a necessary consequence of a Fourth Amendment violation." *Id.* "To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." *Id.* at 702.

{¶21} As we noted in Assignment of Error I, no evidence was taken during the suppression hearing. Absent any evidence to the contrary, the record demonstrates no conduct by the executing officer that would point to a lack of good faith or any understanding that the warrant might be defective.

{¶22} Assignment of Error II is denied.

{¶23} The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

_____

_____

_____

                          JUDGES

SGF/sg 620

[Cite as *State v. Kithcart*, 2013-Ohio-3022.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE OF OHIO                                      :
                                                   :
    Plaintiff-Appellee                         :
                                                   :
-vs-                                               :            JUDGMENT ENTRY
                                                   :
TYLER W. KITHCART                                  :
                                                   :
    Defendant-Appellant                        :            CASE NO. 12-COA-048


       For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio is affirmed. Costs to appellant.


                                    _____


                                    _____


                                    _____

                                          JUDGES